[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16260
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2011
JOHN LEY
CLERK

D. C. Docket No. 07-02022-CV-ORL-35-KRS

SAMIEL T. WATSON,

Plaintiff-Appellant,

versus

KELLEY FLEET SERVICES, LLC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Samiel Watson, proceeding *pro se*, appeals the district court's grant of defendant Kelley Fleet Services's (KFS) motion for summary judgment as to his disparate treatment and retaliation claims, raised pursuant to Title VII, 42 U.S.C. §§ 2000(e)-2(a)(1) and 2000e-3(a).  The district court concluded Watson failed to show KFS's non-discriminatory reason for firing him was pretext for racial discrimination or retaliation.  We affirm.[1]

Watson argues KFS's articulated reason was based on "timeline fraud," in that KFS supported its motion with undated and intentionally misdated documents. The inquiry into pretext requires this Court to determine whether, "in view of all the evidence, . . . the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."  *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (quotation omitted).  The plaintiff must meet the employer's reason "head on and rebut it."  *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004).

"A reason is not pretext for discrimination 'unless it is shown *both* that the reason was false, *and* that discrimination was the real reason.'"  *Brooks v. Cnty.*

---

[1]A district court's grant of summary judgment is reviewed *de novo*.  *Rojas v. Fla.*, 285 F.3d 1339, 1341 (11th Cir. 2002).  "When deciding whether summary judgment is appropriate, all evidence and reasonable factual inferences drawn therefrom are reviewed in a light most favorable to the non-moving party."  *Rojas*, 285 F.3d at 1341-42 (quotation omitted).

*Com'n of Jefferson Cnty., Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993)). An employee may do that "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Jackson v. Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (quotation omitted).

Title VII also prohibits employers from retaliating against an employee who complains about a Title VII violation. *See* 42 U.S.C. § 2000e-3(a). If a plaintiff establishes a *prima facie* case of retaliation and the employer proffers a legitimate, non-discriminatory reason for the adverse employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation. *Holifield*, 115 F.3d at 1566 (citation omitted).

The district court did not err when granting summary judgment because Watson was unable to show KFS's articulated reason for firing him–that he threatened violence in the workplace, which was a ground for immediate termination under KFS's policies–was pretext for race discrimination or retaliation. There was ample evidence to show Watson was involved in an altercation with a co-worker, and KFS's investigation confirmed at least one witness heard Watson physically threaten the co-worker. Thus, KFS had a good faith belief Watson

3

violated company policy, and he presented no evidence to rebut KFS's articulated reasons for firing him. Accordingly, we affirm the district court's order.[2]

**AFFIRMED.**

---

[2]It is further ordered Watson's Motion for Sanctions and to Supplement the Record is DENIED. KFS's cross-motion for sanctions is also DENIED.